IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TANYA SAUERMILCH PEREZ, | **8:20CV489** |
| Plaintiff, | |
| vs. | **MEMORANDUM AND ORDER** |
| D.D.S. ODEM, Grand Island, | |
| Defendant. | |

Plaintiff, Tanya Sauermilch Perez (aka Tanya Nicole Sauermilch Perez), a non-prisoner who appears pro se, has filed a Motion for Leave to Proceed In Forma Pauperis. (Filing 2.) Upon review of Plaintiff's Motion, the court finds that Plaintiff is financially eligible to proceed in forma pauperis.

However, the court also finds that Plaintiff has abused this privilege by filing an inordinate number of pro se, in forma pauperis cases recently, none of which has passed initial review under 28 U.S.C. § 1915(e)(2) so as to be able to proceed to service of process. *See Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987) ("An in forma pauperis litigant's access to the courts is a matter of privilege, not of right, and should not be used to abuse the process of the courts."). Since mid-October, Plaintiff has filed 17 pro se, in forma pauperis cases in addition to the present case:

- 8:20-cv-00416-RGK-PRSE, *Sauermilch Perez v. State of Nebraska et al,* filed 10/13/20, initial review of amended complaint pending.

- 8:20-cv-00417-RGK-PRSE, *Sauermilch Perez v. Federal Bureau of Prisons*, filed 10/14/20, initial review of amended complaint pending.

- 8:20-cv-00418-RGK-PRSE, *Sauermilch Perez v. Acosta et al*, filed 10/14/20, dismissed 10/22/20 for lack of jurisdiction.

- 8:20-cv-00419-RGK-PRSE, *Sauermilch Perez v. Ditrick et al,* filed 10/14/20, dismissed 10/22/20 for lack of jurisdiction.

- 8:20-cv-00420-RGK-PRSE, *Sauermilch Perez v. Moore*, filed 10/14/20, dismissed 10/22/20 for lack of jurisdiction.

- 8:20-cv-00422-RGK-PRSE, *Sauermilch Perez v. State of Iowa et al*, filed 10/14/20, initial review of amended complaint pending.

- 8:20-cv-00424-RGK-PRSE, *Sauermilch Perez v. Wiggins*, filed 10/15/20, dismissed 10/22/20 for lack of jurisdiction.

- 8:20-cv-00425-RGK-PRSE, *Sauermilch Perez v. Omaha Police Detectives*, filed 10/15/20, initial review of amended complaint pending.

- 8:20-cv-00429-RGK-PRSE, *Sauermilch Perez v. Oasis Hotel*, filed 10/16/20, initial review of amended complaint pending.

- 8:20-cv-00430-RGK-PRSE, *Sauermilch Perez v. Open Door Mission Lydia House*, filed 10/16/20, dismissed 10/22/20 as frivolous.

- 8:20-cv-00431-RGK-PRSE, *Sauermilch Perez v. Region 5 Nebraska et al*, filed 10/16/20, voluntarily dismissed 11/18/20, following initial review.

- 8:20-cv-00432-RGK-PRSE, *Sauermilch Perez v. Walmart*, filed 10/16/20, voluntarily dismissed 11/06/20, following initial review.

- 8:20-cv-00433-RGK-PRSE, *Sauermilch Perez v. Rod Hornsby Real Estate*, filed 10/16/20, dismissed 10/22/20 for lack of jurisdiction.

- 8:20-cv-00448-RGK-PRSE, *Sauermilch Perez v. Ashley Rentals et al*, filed 10/26/20, initial review pending.

- 8:20-cv-00471-RGK-PRSE, *Sauermilch Perez v. Burlington trailways et al*, filed 11/09/20, voluntarily dismissed 11/18/20, prior to initial review.

- 8:20-cv-00476-RGK-PRSE, *Sauermilch Perez v. City of Omaha et al*, filed 11/13/20, voluntarily dismissed 11/18/20, prior to initial review.

- 8:20-cv-00477-RGK-PRSE, *Sauermilch Perez v. Double Tree Hilton*, filed 11/13/20, initial review pending.

Of these 17 cases, 5 were dismissed for lack of subject matter jurisdiction, 8 cases were determined to be subject to preservice dismissal for Plaintiff's failure to state a claim upon which relief may be granted, 2 cases were voluntarily dismissed by Plaintiff before the court conducted an initial review of the complaint, and in 2 cases an initial review of the complaint still must be conducted.

Plaintiff has a right to access the courts. However, her right of access cannot be unlimited in the face of abuse. As set forth by the Eighth Circuit Court of Appeals:

> The Court has authority to control and manage matters pending before it. . . . The need for such control bears noting. First, Rule 1 of the Federal Rules of Civil Procedure provides that the rules shall be construed to secure the just, speedy, and inexpensive determination of every action. Three fundamental goals underlie this mandate; maintaining the quality of justice, avoiding delay, and improving the efficiency of dispute resolution. In order to secure these values, we must recognize that judicial resources are limited in the short run and need to be protected from wasteful consumption. Frivolous, bad faith claims consume a significant amount of judicial resources, diverting the time and energy of the judiciary away from processing good faith claims.

> The most apparent effect of excessive litigation is the imposition of unnecessary burdens on, and the useless consumption of, court resources. As caseloads increase, courts have less time to devote to each case. A lack of adequate time for reflection threatens the quality of justice.... Abusive litigation results in prolonged, repetitive harassment of defendants causing frustration and often extraordinary and unreasonable expenditures of time and money defending against unfounded claims.

> Defendants have a right to be free from harassing, abusive, and meritless litigation. Federal courts have a clear obligation to exercise their authority to protect litigants from such behavior. The Court may, in its discretion, place reasonable restrictions on any litigant who files non-meritorious actions for obviously malicious purposes and who

generally abuses judicial process. These restrictions may be directed to provide limitations or conditions on the filing of future suits.

*In re Tyler*, 839 F.2d 1290, 1292-93 (8th Cir. 1988) (quoting *People of the State of Colorado v. Carter*, 678 F. Supp. 1484, 1486 (D.Colo. 1986)) (internal citations omitted).

The Court finds imposing filing restrictions on Plaintiff in this court is warranted to protect the court from "unnecessary burdens on, and the useless consumption of, court resources." Plaintiff is ordered to show cause within 21 days from the date of this order why this court should not impose the following filing restrictions:

1.     Plaintiff, while appearing pro se, will be limited to filing one case in forma pauperis in the federal district court for the District of Nebraska per month. This limitation will not prohibit Plaintiff from proceeding as a proponent in any civil claim in this district with the representation of an attorney, nor will it prohibit Plaintiff from defending herself in any criminal or civil litigation brought against her in this district. This limitation will operate prospectively only.

2.     Every new pro se complaint submitted to the Clerk of the Court by Plaintiff that is not accompanied by payment of the court's filing and administrative fees shall be referred to the Supervising Pro Se Judge, Richard G. Kopf, or his successor, for review before filing, and the Clerk of the Court is directed not to file any such case until this review has been completed. The Supervising Pro Se Judge shall review any such tendered complaint to determine if it may be filed in compliance with the foregoing limitation, or if it should be returned to Plaintiff without filing. A record of any such submission and return shall be maintained by the clerk in the CM/ECF system under the "PS" designation or as otherwise directed by the Supervising Pro Se Judge.

IT IS THEREFORE ORDERED:

1.     Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Filing 2) is granted, and the Complaint shall be filed without payment of fees. Plaintiff is

advised that the next step in her case will be for the court to conduct an initial review of her claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). The court will conduct this initial review in its normal course of business.

2.     Plaintiff is ordered to show cause within 21 days from the date of this order why this court should not impose the filing restrictions listed above.

Dated this 24th day of November, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge